CHENEY *vs.* WINDSOR.

The statute allowing defendants in certain actions their "taxed costs and one half thereof in addition" applies to cases where the costs are limited to a gross sum, *e. g.* to a *certiorari* brought against a public officer, though in general the costs on *certiorari* are limited to twenty dollars without taxation.

ERROR to the Otsego common pleas.    The judgment in the common pleas was on a *certiorari* prosecuted by Cheney against Windsor to review a judgment of a justice of the peace

Cheney *v.* Windsor. .

in favor of Windsor as defendant, in a suit which Cheney had brought against him as sheriff of Otsego county, for a false return to a *fi. fa.* The common pleas affirmed the judgment of the justice, and awarded double costs in favor of Windsor, i. e. thirty dollars.

*G. W. Tanner*, for the plaintiff in error, argued that the costs in this class of cases were limited to $20 ; and no more could be given though the defendant were prosecuted as a public officer.

*B. W. Fry*, for the defendant in error.

*By the Court*, BEARDSLEY, C. J. The defendant was entitled to double costs in the common pleas. (2 *R. S.* 617, § 24.) Under this section the defendant would have recovered " his taxed costs, and one half thereof in addition," but by the act of 1840, the gross sum of twenty dollars was allowed for all fees and disbursements, " without taxation." (*Laws of* 1840, *p.* 332, § 12.) This sum was allowed in lieu of single taxed costs, and the provision cannot be regarded as intended to deprive a party of double costs where he would otherwise be entitled to them. Double costs in such case, are once and one half the amount of the gross sum, instead of once and one half the amount of a taxed bill.

There was no error in the judgment of the common pleas, and it must be affirmed.

Judgment affirmed