Foster Respondent, agt. Cleveland and others, Appellants.

---

## SUPREME COURT.

FOSTER, Respondent, agt. CLEVELAND AND OTHERS, Appellants.

FINCH, Respondent, agt. SAME.

A public officer, sued for an official act, can not get double costs on an *appeal* by him.

A. was sued in a justice's court for acts done by him as an officer of a school district, and had judgment, which was reversed in the County Court. A. appealed to the Supreme Court, where the judgment of the County Court was reversed. *Held,* he could not have double costs on the appeal.

*St. Lawrence Special Term, Feb.* 1851. *Motion for double costs.* These suits were commenced by the respondents against Cleveland, as collector, and the other defendants as trustees of a school district, for acts done officially, before a justice of the

peace, who rendered judgment for the defendants for costs. The plaintiff appealed, and the County Court reversed the judgment, and then the defendants appealed and the Supreme Court reversed that of the County Court, and affirmed that of the justice. The defendants now move for double costs on the appeal.

D. S. IDE, *for the Motion.*

W. H. WALLACE, *Contra.*

HAND, Justice.—There is some diversity of opinion as to the right of a defendant, sued for official acts, to double costs (Hallenback vs. Parker, 4 *Howard*, 239; Murray vs. Hopkins, *id.* 263; Chadwick vs. Brother, *id.* 283). In one or two cases, I came to the conclusion that this law for the protection of public officers, was still in force (Barber agt. Crossett, *ante p.* 45). That it was a distinct provision, which was not repealed by implication, but was one of those existing statutory provisions relating to actions, which is not inconsistent with the Code, and therefore not affected thereby (*Code*, § 471; and see Cheney vs. Windsor, 5 *Denio*, 96).

But this statute has been held not to extend to a plaintiff in error (Dockstader v. Samons, 4 *Hill*, 546). The defendants, now remain "defendants" during the whole progress of the cause, whether appellants or respondents. But as they appealed in the case under consideration, I think they are within the spirit of the decision in Dockstader vs. Samons. Defendants in error were entitled to increased costs (Burkle vs. Luce, 1 *Comst.* 239). And this, perhaps, would now be so, with a respondent; for the statute gives them, if judgment be rendered for the defendant upon verdict, demurrer, nonsuit, non pros., discontinuance of the plaintiff, or *otherwise*, in any action, certiorari, writ of error, or other proceeding, &c. (2 *Rev. Stat.* 617, § 24. And see *Revisors' Notes*, 3 *Rev. Stat.* 798, 2d ed.). But the object of the statute was to prevent vexatious suits against persons for the performance of official duties, or for acts done by authority of any statute of this state. And where an inferior court has decided that the action was well founded, I do not think costs should be allowed to the successful appellant, when they would not have been to

the same party as plaintiff in error. I am aware that Mr. Justice Cowen put Dockstader v. Samons upon the word "defendant" in the statute. Were that a sufficient reason, it would not follow that the legislature intended to change the rule as to costs, merely by this change in the practice. But I think the decision stands upon higher ground; that which I have already noticed.

Motions denied.